MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

KATHRYN HAUN (DCBN 484131)
KIMBERLY E. HOPKINS (MABN 668608)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    Kimberly.hopkins@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 13-0466 JSW |
| v. | [~~PROPOSED~~] ORDER OF DETENTION PENDING TRIAL |
| VEANTE WILLIAMS, | |
| Defendant. | |

    Defendant Veante Williams is charged in a Third Superseding Indictment with Obstruction of Justice in violation of 18 U.S.C. §§ 1512(c)(1) & 2. On April 16, 2014, the United States moved for defendant's detention pursuant to 18 U.S.C. § 3142, and asked for a detention hearing, as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a bail study. On April 17, 2014, the court conducted a detention hearing. Defendant was present, in custody, and represented by Brian Berson. Assistant United States Attorney Kimberly Hopkins appeared on behalf of the Government. The government and Pretrial Services both recommended the defendant's detention. Upon consideration of the proffers of the parties, and the court file, including its recitation of the defendant's criminal history, the Court finds that the government has met its burden by clear and convincing evidence that the defendant presents a

danger to the community absent detention.  *See* 18 U.S.C. §§ 3142(e) and (f).  In addition, the Court finds that the government has also met its burden to demonstrate by clear and convincing evidence that he poses a risk of nonappearance at future court proceedings.  *See id.*  The Court therefore orders the defendant detained.

The Bail Reform Act of 1984, 18 U.S.C. § 3141-50, sets forth the factors which the Court considers in determining whether detention is warranted.  In coming to its decision, the Court has considered those factors paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

In considering all of these facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion:

(1) The indictment alleges the defendant concealed evidence of robberies committed by *The Landry Crew* and others and alleges more than one dozen RICO predicate acts, most involving firearms.  Although the weight of the evidence is the least important factor, the Court noted that if released there is the potential for the defendant to conceal evidence in the form of numerous firearms that have not yet been recovered by law enforcement in this case.

(2) The defendant is 22 years old, but has a criminal history dating back to 2005 when he was a juvenile.  While the defendant only has two misdemeanor convictions, the government proffered that the defendant has been arrested more than 19 times for offenses including, but not limited to, robbery, battery, obstructing/resisting a public officer, carrying a concealed weapon on a person with prior conviction, carrying loaded firearm in public, taking a vehicle without consent and burglary.  The defendant is currently on probation for Inflicting Corporal Injury on Spouse/Cohabitant, and has a pending felony weapons charge in Contra Costa County.

1    (3)  The record reflects the defendant has incurred 8 failures to appear, 6 bench warrants, and
2 numerous revocations of probation; all demonstrating a risk of nonappearance and an inability to comply
3 with court orders.

4    (4)  Additional factors that indicate the defendant poses a risk of nonappearance include his
5 sparse employment history and inadequate sureties, who have not to date exercised sufficient moral
6 suasion over the defendant.

7    Accordingly, pursuant to 18 U.S.C. § 3142, IT IS ORDERED THAT:

8    (1)  the defendant is committed to the custody of the Attorney General for confinement in a
9 corrections facility;

10    (2)  the defendant be afforded reasonable opportunity for private consultation with his counsel;

11    (3)  on Order of a court of the United States or on request of any attorney for the government, the
12 person in charge of the corrections facility in which the defendant is confined shall deliver the defendant
13 to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a
14 court proceeding.

15    IT IS SO ORDERED.

17 DATED: 4/21/14

_____
HON. KANDIS A. WESTMORE
United States Magistrate Judge