1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  ANNA NGUYEN (CABN 335873)
   Special Assistant United States Attorney
5
        1301 Clay Street, Suite 340S
6       Oakland, California 94612
        Telephone: (510) 637-3680
7       FAX: (510) 637-3724
        Anna.Nguyen@usdoj.gov
8
9  Attorneys for United States of America

**FILED**

Apr 06 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

10                UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                        OAKLAND DIVISION

13  UNITED STATES OF AMERICA,              )  CASE NO. 13-CR-00466-006 JSW (RMI)
                                           )
14       Plaintiff,                        )  [PROPOSED] DETENTION ORDER
                                           )
15       v.                                )
                                           )
16  VEANTE WILLIAMS,                       )
                                           )
17       Defendant.                        )
                                           )
18

19       On April 6, 2021, defendant, Veante Williams, was arraigned on a Petition for Warrant for

20  Person Under Supervision ("Petition") filed on March 4, 2021 that alleges that the defendant violated the

21  conditions of his supervised release. On March 1, 2021, the defendant was arrested by Miami Dade

22  Police Department for committing Battery against his spouse in violation of Florida Statute Number

23  784.03. This conduct was in violation of the defendant's statutory condition that he shall not commit

24  another federal, state, or local crime, and standard condition that he shall not leave the judicial district

25  without the permission of the court or probation officer.

26       This matter came before the Court on April 6, 2021, for an initial appearance and detention

27  hearing. The defendant was present and represented by Mr. Brian Berson. Special Assistant United

28  States Attorney, Anna Nguyen, appeared for the government. At the hearing, the government moved to

[PROPOSED] DETENTION ORDER                              1                                    v. 11/01/2018
13-CR-00466-006 JSW (RMI)

1  detain the defendant, arguing that he could not meet his burden under 18 U.S.C. § 3143 of
2  demonstrating by clear and convincing evidence that he is not a danger to the community or a flight risk.
3  Both parties proffered information for the Court to consider in reaching a decision on the detention
4  motion.  The United States Probation Officer also recommended that the defendant be detained, due to
5  the danger he poses to the community and his flight risk.

6  The defendant opposed the detention motion and asked to be released from custody.  He argued
7  that there could be a package of conditions that would mitigate his danger and flight risk.

8  In the supervised release revocation context, the burden is on the defendant seeking release to
9  "establish[] by clear and convincing evidence that the [defendant] will not flee or pose a danger to any
10 other person or to the community. Federal Rule of Criminal Procedure 32.1(a)(6). *See also* 18 U.S.C.
11 § 3143(a); Federal Rule of Criminal Procedure 46(c) and (d); *United States v. Loya*, 23 F.3d 1529 (9th
12 Cir. 1994).

13 Upon consideration of the parties' proffers and information provided by the United States
14 Probation Officer, as well as Court records in the case against the defendant, the Court finds that the
15 defendant has not met his burden to provide clear and convincing evidence that he does not pose a
16 danger to the community or a flight risk. The Court therefore orders the defendant be detained pending
17 the resolution of the supervised release violation Petition.

18 In considering the Court's record and the information presented at the hearing, the Court finds
19 that the defendant did not meet his burden to provide clear and convincing evidence at this time because:
20 (1) the petition alleges a violation involving defendant's arrest on March 1, 2021 on charges of Battery
21 against his spouse (Florida Statute Number 784.03), and (2) his leaving the judicial district to go to
22 Miami, Florida.  This finding is made without prejudice to the defendant's right to seek review of
23 defendant's detention, or file a motion for reconsideration if circumstances warrant it.

24 Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

25 1.    The defendant be, and hereby is, committed to the custody of the Attorney General for
26 confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving
27 sentences or being held in custody pending appeal;

28 2.    The defendant be afforded reasonable opportunity for private consultation with counsel;

1  and

2        3.      On order of a court of the United States or on request of an attorney for the government,
3  the person in charge of the corrections facility in which the defendant is confined shall deliver the
4  defendant to an authorized United States Marshal for the purpose of any appearance in connection with a
5  court proceeding.

6        IT IS SO ORDERED.

8  DATED:  April 6, 2021

                                                  HONORABLE ROBERT M. ILLMAN
                                                  United States Magistrate Judge